[No. 13626.   Department Two.   January 3, 1917.]

C. F. SULLIVAN, *Respondent*, v. CHARLES PORTER *et al.*, *Appellants*.[1]

JUDGMENT—RECITALS—PERSONS CONCLUDED — EVIDENCE — BURDEN OF PROOF.  Where, after judgment against a trust company holding the record title to lands, plaintiff obtained judgment against the trust company by confession declaring that it held the legal title as trustee for the plaintiff, the judgment, though not binding on the judgment creditors, is *prima facie* evidence of the fact of trusteeship, in an action brought by plaintiff against the judgment creditors to quiet his title, and it devolves upon the judgment creditors to show that the judgment was fraudulent as to them.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered April 17, 1916, upon findings in favor of the plaintiff, in an action to quiet title, tried to the court.  Affirmed.

*Englehart & Rigg* and *Fletcher. & Evans*, for appellants.

*Guy E. Kelly* and *Thomas MacMahon*, for respondent.

MOUNT, J.—This action was brought by the respondent to quiet his title to certain lands in Pierce county, and to

[1]Reported in 161 Pac. 1186.

remove a cloud therefrom. The complaint alleged that the respondent was the owner of the property, and that the de-fendants were asserting a claim therein adverse to the plain-tiff, and that the defendants had no right, title or interest in the premises, or any part thereof.

For answer to the complaint, the defendants denied that the plaintiff was the owner of the property, and, as an af-firmative defense, alleged that, on the 15th day of February, 1915, the defendants procured a judgment against the Tweedy Trust Company, a corporation, in Yakima county, in the sum of $4,557.33, together with interest and costs; that thereafter, on the 18th day of March, 1915, the defend-ants filed in the office of the clerk of the superior court of Pierce county an abstract of the judgment in that case; that, at that time, the Tweedy Trust Company was the owner of the lands in question; that, by reason of filing the said ab-stract, the defendants acquired a first and prior lien upon the real estate; that thereafter, with intent to defraud these de-fendants and render their judgment and lien valueless, the plaintiff in this action brought a suit against the Tweedy Trust Company to declare a trust, alleging therein that the plaintiff was the owner of the property. That the Tweedy Trust Company, in collusion with the said plaintiff, con-fessed judgment, and permitted judgment to be taken against the said Tweedy Trust Company, in order to establish said trust, and that the same was done without notice to these de-fendants and for the sole purpose of defeating the right of lien of the defendants; that the defendants had no knowledge or information that the plaintiff claimed any interest in the lands in controversy in this action. The defendants prayed to have the lien of the judgment of $4,557.33 declared a first lien upon the property.

For reply, the plaintiff admitted the filing of the abstract in Pierce county, and denied all of the other allegations in the affirmative defense.

Upon these issues, the case came on for trial to the court without a jury. The plaintiff introduced in evidence an abstract of title showing that the property was deeded on May 5, 1906, by one Rice, who was then the owner of the property, to the Tweedy Trust Company. Plaintiff then introduced in evidence, over the objection of the appellants, a certified copy of the judgment rendered in the case of the plaintiff against the Tweedy Trust Company on August 26, 1915, reciting that the TweedyTrust Company held the property in trust for the plaintiff, and the plaintiff was the owner thereof, and then rested. Defendants then moved for a directed judgment that the lien of their judgment be declared a prior and paramount lien. No other evidence was introduced. The court thereupon denied that motion and entered a judgment in favor of the plaintiff. Defendants have appealed.

The only question in the case is whether the judgment obtained by the respondent against the Tweedy Trust Company is evidence that the Tweedy Trust Company was a trustee, holding the property in trust for the plaintiff. It will be noticed that an abstract of the judgment in favor of the defendant and against the Tweedy Trust Company was filed in the auditor's office of Pierce county before the action was brought by the plaintiff against the Tweedy Trust Company to declare that company a trustee. It will also be noticed that the defendants were not parties to that action. They were not bound by that judgment, but it is clear, that, as between the Tweedy Trust Company and the respondent in this case, that judgment was binding and conclusive to the effect that the Tweedy Trust Company held the property in question in trust for the respondent. The defendants might attack it at any time. They did attack it in this case by alleging that the judgment was procured in fraud of the rights of the defendants and without their knowledge. We think the judgment was at least competent to prove *prima*

*facie* the fact therein stated, that the Tweedy Trust Company held the lands in question in trust for the respondent, and was not the owner thereof. While that judgment and the recitals therein were binding and conclusive as between the plaintiff and the Tweedy Trust Company, it was not conclusive upon these defendants, but was sufficient to show the facts recited in the judgment, and made a *prima facie* case to the effect that the Tweedy Trust Company was a trustee for the plaintiff in that action, the respondent in this. It devolved then upon the defendants in this action to show, as they had alleged in their affirmative answer, that the judgment was collusive and fraudulent as to them. No evidence was offered to show that fact. We are therefore satisfied that the trial court properly held that the judgment was sufficient to make a *prima facie* case in favor of the respondent.

The judgment appealed from is therefore affirmed.

MORRIS, C. J., FULLERTON, HOLCOMB, and PARKER, JJ., concur.